UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

TANNER BAIN, by his father and natural guardian,
DUSTIN BAIN,
       Plaintiff,

v.                                                                                            Case No.  2:16-cv-09281

TOWN OF HEMPSTEAD and TOWN OF HEMPSTEAD
ANIMAL SHELTER,
       Defendants.

## COMPLAINT

Plaintiff, TANNER BAIN, by his father and natural guardian, DUSTIN BAIN, by and through his attorneys Adam Roth, Richard Weston and the Weston Law Offices sues the defendants TOWN OF HEMPSTEAD and the TOWN OF HEMPSTEAD ANIMAL SHELTER and in support thereof state as follows:

## JURISDICTION AND VENUE

1. Plaintiff Tanner Bain and his father and natural guardian Dustin Bain are citizens of the State of Virginia, but at all times relevant to the instant action were present in Evans, West Virginia, a city within Jackson County, West Virginia.

2. The defendant Town of Hempstead is located in Nassau County, New York and owns, operates and controls the defendant Town of Hempstead Animal Shelter, located at 3320 Beltagh Avenue, Wantagh, New York.

3. The incident that gives rise to this action occurred on or about August 1, 2015, at 1203 Evans View Road, Evans, West Virginia.

4. Federal diversity jurisdiction exists pursuant to 28 USC 1332 because plaintiff is a citizen of a different state from all defendants and because the value of the matter in controversy exceeds $75,000.

5. Venue lies in this District pursuant to 28 USC 1391(e) because a substantial part of the events giving rise to the claim occurred in Jackson County, West Virginia, which is located in the Southern District of West Virginia.

6. Notice of the Instant Claim was given to The Town of Hempstead and Town of Hempstead Animal Shelter pursuant to New York General Municipal Law 50-E. Furthermore, a statutory hearing was held by the Town of Hempstead of the plaintiffs on August 22, 2016, pursuant to New York General Municipal Law 50-H.

## FACTS

7. The defendant Town of Hempstead owns, controls and operates the defendant Town of Hempstead Animal Shelter.

8. On or about February 22, 2015, the defendant Town of Hempstead Animal Shelter received an American Bulldog named Monte. When Monte was taken in, the defendant Town of Hempstead Animal Shelter was told, *inter alia*, that Monte had shown aggression to two children and had a history of biting children.

9. On March 16, 2015, the defendant Town of Hempstead Animal Shelter sent an advertisement that specifically stated "he is friendly and tolerant with strangers and kids."

10. On April 29, 2015, a woman from Georgia contacted the defendant Town of Hempstead Animal Shelter, but since she had two children and other dogs, the defendant determined Monte would not be a good fit.

11. On April 30, 2015, an interested party contacted the defendant Town of Hempstead Animal Shelter with an application, but since she had children, the defendant Town of Hempstead Animal Shelter denied the application specifically noting that "dog is not good with young children."

12. On May 3, 2015, an applicant was told by the defendant Town of Hempstead Animal Shelter that since the applicant had two dogs in the house already, that Monte would not be a good fit.

13. On May 5, 2015, an interested party visited with the defendant Town of Hempstead Animal Shelter to meet and greet with Monte. While visiting Monte and in the presence of the defendant Town of Hempstead Animal Shelter employee, Monte attacked the visitor. The visitor did not adopt the dog.

14. On May 21, 2015, the employees of the defendant Town of Hempstead Animal Shelter determined that Monte would be fine if placed in a home with other dogs.

15. On June 3, 2015, an applicant was told by an employee of defendant Town of Hempstead Animal Shelter that Monte does not get along with other dogs.

16. On July 1, 2015, an interested applicant was told by an employee of the defendant Town of Hempstead Animal Shelter that Monte was not a good candidate because the applicant had children in the home.

17. On July 9, 2015, an employee of the defendant Town of Hempstead Animal Shelter tried to take Monte for a walk through the open pen and he pulled her down and tried to attack other dogs.

18. On July 13, 2015, an applicant was denied adoption of Monte by the defendant Town of Hempstead Animal Shelter because there were other dogs in the home and young children in the home.

19. On July 19, 2015, an interested family fostered Monte with the intention to adopt.

20. On July 22, 2015, that family returned Monte because he attacked another dog in their house.

21. On July 27, 2015, Monte was sent to a rescue home in Montgomery, Pennsylvania called Furr-ever Pups.

22. The rescue home was never told that Monte had a history of being aggressive towards humans.

23. The rescue home was never told that Monte had a history of biting children.

24. The rescue home was told that Monte may be aggressive towards other dogs.

25. On August 1, 2015, Monte was placed with a family in Evans, West Virginia that had two other dogs in the home.

26. On August 1, 2015, that family had a barbeque at 1203 Evans View Road, Evans, WV 25241 and invited families with children.

27. On August 1, 2015, the plaintiff Tanner Bain attended the barbeque.

28. On August 1, 2015, Monte attacked Tanner Bain and caused him to suffer severe and permanent physical injuries, including but not limited to facial scarring, lacerations to his face, puncture wound to his chest and plastic surgery to his face.

**Count I – Strict Liability Against Defendant Town of Hempstead Animal Shelter**

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

29. The defendant Town of Hempstead Animal Shelter was aware that Monte had vicious propensities because of his history of biting children, his aggressive behavior at the shelter in front

4

of the employees and him being returned to the shelter by the foster family because he attacked another dog.

30. The defendant Town of Hempstead Animal Shelter did not tell the rescue shelter, Furr-ever Pups, that Monte had vicious propensities.

31. Monte was placed in a family with other dogs and without a warning that he was dangerous to children.

32. As a result, Monte mauled a child, the plaintiff Tanner Bain.

33. Since the defendant Town of Hempstead Animal Shelter was aware of Monte's vicious propensities, it is strictly liable for the damage that was caused.

34. As a direct and proximate cause of the behavior of the defendants, the plaintiff suffered permanent injuries including but not limited to facial scarring, lacerations to his face, puncture wound to his chest and plastic surgery to his face, pain and suffering in the past and in the future, mental anguish and past and future medical expenses.

### Count II – Negligence Against Defendant Town of Hempstead Animal Shelter

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

35. The defendant Town of Hempstead Animal Shelter had a duty to ensure that Monte was placed in an environment where he would not be a danger to others.

36. The defendant breached that duty by allowing him to be placed in an environment where he was around children and other dogs.

37. As a direct and proximate cause of the defendant's breach of its duty, the plaintiff Tanner Bain was mauled by Monte.

38. As a result of being mauled by Monte, the plaintiff Tanner Bain suffered permanent injuries including but not limited to facial scarring, lacerations to his face, puncture wound to his chest and plastic surgery to his face, pain and suffering in the past and in the future, mental anguish and past and future medical expenses.

### Count III – Respondeat Superior Against Defendant Town of Hempstead

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

39. Defendant Town of Hempstead owns, operates and controls the defendant Town of Hempstead Animal Shelter.

40. Since the Defendant Town of Hempstead owns, operates and controls the defendant Town of Hempstead Animal Shelter, it is responsible for acts taken by the employees of the defendant Town of Hempstead Animal Shelter under the theory of Respondeat Superior.

41. As a direct and proximate cause of the actions taken by the agents of the defendant Town of Hempstead, the plaintiff Tanner Bain suffered permanent injuries including but not limited to facial scarring, lacerations to his face, puncture wound to his chest and plastic surgery to his face, pain and suffering in the past and in the future, mental anguish and past and future medical expenses.

### Count IV – Punitive Damages

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

42. The actions of the defendants against the plaintiff Tanner Bain were reprehensible, willful, wanton, malicious and in a blatant and intentional disregard of the rights and duties owed to the plaintiff, thereby justifying an award of punitive damages.

43. Specifically, the Town of Hempstead and the Town of Hempstead Animal Shelter placed the interests of a vicious dog being placed in a home over the well being and safety of those individuals that would encounter that vicious dog.

44. As a direct and proximate result, a child was mauled.

45. Accordingly, the plaintiff should be permitted to recover punitive damages.

WHEREFORE, Plaintiff pays this Honorable Court will grant judgment against Defendants in an amount to sufficiently compensate Plaintiff for general and special damages in excess of the jurisdictional amounts of this Court plus interests, costs, attorneys' fees and such other further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff, Tanner Bain, by his father and Natural Guardian, Dustin Bain, demands a trial by jury of all issues.

Tanner Bain, by his father and natural guardian, Dustin Bain,
An individual

By Counsel: /s/ Richard W. Weston
Richard W. Weston
WESTON LAW OFFICE
West Virginia State Bar No. 9734
337 Fifth Avenue
Huntington, West Virginia 25701
Phone: (304) 522-4100
Fax:    (304) 250-3000


/s/ Adam Roth
Adam Roth
NY State Bar #4688701
The Woolworth Building
233 Broadway, Suite 901
New York, New York 10279
Phone: (202) 223-6635
Fax:    (202) 803-7988

7