```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

TANNER BAIN, by his father and
natural guardian, DUSTIN BAIN,

      Plaintiff,

v.                                Civil Action No. 2:16-9281

TOWN OF HEMPSTEAD and TOWN OF
HEMPSTEAD ANIMAL SHELTER,

      Defendants.

## MEMORANDUM OPINION & ORDER

Pending is a motion by defendants to stay discovery pending resolution of the motion to dismiss, filed December 14, 2016. The plaintiff responded to the motion to stay on December 29, 2016, stating that he consents to the motion to stay so long as the stay only lasts until the court decides the pending motion to dismiss.

Under Fed. R. Civ. P. Rule 26(c)(1), the court has the authority to stay discovery pending the outcome of a dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-397 (4th Cir. 1986).

The court notes that the defendants' motion to dismiss could be dispositive of the matter, as they contend that the case should be dismissed because the court lacks personal jurisdiction

and venue over the defendants, or alternatively, that the case should be transferred to the Eastern District of New York in the interest of justice and for the convenience of the parties and witnesses.  There are no cross-claims or counterclaims and both defendants join in the motion to stay.

The defendants argue that the stay will be short and thus will minimally burden plaintiff.  Memo. in Supp. of Mot. to Stay at 2.  Further, they contend that it is proper to resolve the jurisdictional issues before the parties engage in what may be unnecessary initial disclosures and a Rule 26(f) meeting.  Id.

As noted previously, plaintiff supports the motion, as long as it continues only until the pending motion to dismiss is decided by the court.  Resp. to Mot. to Stay at 1.

Having considered the applicable factors, the court finds that a stay is warranted.  By first determining whether the court has jurisdiction over the defendants, the court can ensure that the parties do not participate in needless discovery.  Moreover, the action is in its early stages, as the court has yet to enter a scheduling order and the parties' Rule 26(f) report is not due to the court until January 13, 2017, all of which favors a stay.

Accordingly, the court ORDERS that the defendants' motion to stay discovery pending resolution of the motion to dismiss, filed December 14, 2016, be, and it hereby is, granted. It is further ORDERED that discovery in this matter be, and it hereby is, stayed pending resolution of the defendants' motion to dismiss.

The Clerk is directed to transmit this order to all counsel of record and any unrepresented parties.

ENTER: January 5, 2017

John T. Copenhaver, Jr.
United States District Judge

3